## GORDON v. BURROWES CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7504. Decided Sept. 27, 1926.

**First Publication of this Opinion.**

**615. HUSBAND AND WIFE—54. Agency —Where, under contract with husband and without express objection of wife, repairs are made on property of married woman, husband is duly authorized agent of wife. (8318 GC. Construed).**

**1027. RES ADJUDICATA—677. Judgments and Decrees—Principle of res adjudicata is adequate safeguard against double liability on uncollected judgment against husband where second judgment is taken against wife thereafter, debt being paid.**

Error to Municipal Court.

Judgment affirmed.

R. D. Metzner, Cleveland, for Gordon.
White, Cannon & Spieth, Cleveland, for Burrowes Co.

SULLIVAN, J.

The E. T. Burrowes Co. brought suit in the Cleveland Municipal Court, against Sarah Gordon, to recover for certain screens which were purchased for a house or property, the fee of which was in her name. It was claimed by Mrs. Gordan that a former judgment was obtained against her husband for the amount of the screens, and that recovery against her in the present action should be defeated as a matter of law.

Judgment was rendered in favor of the Company.

Inasmuch as the question of res adjudicata is not made an issue, and because of credible evidence in the record fixing the responsibility of the wife as to the purchase of the screens and the installation thereof in her property, as well as the authority of her husband to act for her in the premises, no error was committed by the court below especially in view of 8318 GC. which applies here.

The claim that the husband entered into a written contract for the purchase of the screens does not destroy the efficiency of the facts surrounding such a transaction, pointing towards the agency of the husband for the wife, nor does it destroy the real fact in the case, to wit: that the screens were for the wife and for the use and benefit of not only herself but her own property.

Existence of the uncollected judgment against the husband does not mean that there can be a dual recovery for the same indebtedness; because, once the debt is paid, it becomes a bar forever to any subsequent payment for the same obligation, and the principle of res adjudicata is an adequate safeguard against liability.

(Levine, PJ, and Vickery, J., concur.)

---

The following are Official Syllabi of Cases which will appear in the Court of Appeals Reports.

---

## PENN. R. R. CO. v. GREENWALD PACKING CO.

Ohio Appeals, 1st Dist., Hamilton Co.

Maxwell & Ramsey, Cincinnati, for Railroad Co.

Hightower, O'Brein & Porter, Cincinnati, for Packing Co.

**303. CONVERSION—991. Railroads—145. Bills of Lading—1247. Waiver.**

BUCHWALTER, PJ.

1. Under order bill of lading, requiring its surrender before delivery of property shipped, delivery by railway to consignee without presentation of bill of lading or payment of draft was conversion by railway.

2. Railway delivering shipment to consignee without presentation of bill of lading as required was guilty of conversion, though consignee did not inspect shipment; Sections 8427 and 8428 GC. being unavailable.

3. Conversion of shipment by railway, delivering property to consignee without presentation of bill of lading, as required, was not ratified, where there was no evidence that unauthorized delivery was ratified.

4. Where consignee attached goods shipped, title to which was in bank holding bill of lading, bank, filing motion to dissolve attachment without knowledge of railroad's conversion of goods by delivery to consignee without presentation of bill of lading, as required, held not to have waived conversion.

5. Where shipper or owner takes possession of goods shipped or makes claim of ownership with full knowledge of railroad conversion and with intention to waive conversion, tort is waived, and waiver cannot be recalled.

(Hamilton and Cushing, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.